11661, 11666.   UNION MANUFACTURING CO. *v.* HEATH; and
*vice versa.*

STEPHENS, J.  1. While the master is bound to exercise ordinary care in furnishing machinery reasonably safe for his servant to operate with ordinary care and diligence, yet the servant assumes the ordinary risks of his employment and is bound to exercise his own skill and diligence to protect himself, and where he is injured by reason of a defect in the machinery caused by the failure of the master to comply with the above duty, the servant cannot recover if he knew of the defect and the danger incident thereto, or could by the exercise of due care have discovered the danger and avoided the injury.  Civil Code (1910), §§ 3130, 3131.

2. Where a servant, in the discharge of his duty in feeding cotton to a machine which receives the cotton on steel teeth revolving on a cylinder, is, by too great an intake of the cotton, caused by a too large and defective construction of the mouth of the machine, injured by his hand

becoming caught in the revolving teeth, he cannot recover from the master for an injury caused by the master's failure to comply with the duty mentioned in the preceding paragraph, even though the master knew of the defective condition of the machine and the danger incident to operating it, when it appears that the servant also knew of such defect and danger, or by due care could have discovered such danger. Where a bar or guard, belonging over the mouth of the machine for the purpose of regulating and retarding the inflow of the cotton, is displaced, and the mouth of the machine thereby rendered too large, thus causing the machine to become dangerous to one feeding cotton into it with the hand, such danger is perfectly obvious to a servant who actually knows of the defect.

3. A servant cannot recover for an injury upon the ground of having complied with a negligent order of the master, if the servant knew of the obvious danger incident to a compliance with the order. *Southern Railway Co.* v. *Taylor,* 137 *Ga.* 704 (73 S. E. 1055), and cases there cited.

4. In a suit by a servant against the master to recover damages for a personal injury alleged to have been caused by the negligence of the master in failing to furnish machinery reasonably safe for the servant to operate, where the plaintiff declares upon the above-stated facts, no cause of action is alleged, and it is error to overrule a general demurrer to the petition.

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921. REHEARING DENIED MARCH 3, 1921.

Action for damages; from city court of Greensboro — Judge Brown. May 14, 1920.

*Bryan & Middlebrooks, Noel P. Park,* for plaintiff in error.
*Miles W. Lewis,* contra.